1
2
3
4
5
6       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                 AT SEATTLE

8   KATHLEEN LAVENDER LEGARE,

9           Plaintiff,

10          v.                                    Case No. C08-589RSL

11  DEUTSCHE BANK NATIONAL TRUST            ORDER DISMISSING CASE
    CO., *et al.*,
12
13          Defendants.

14

15

16      This matter comes before the Court *sua sponte*. On April 24, 2008, the Court

17  ordered plaintiff to show cause why her complaint should not be dismissed for lack of

18  subject matter jurisdiction. Plaintiff asserted diversity jurisdiction, but her complaint

19  stated that both she and defendant Regional Trustee Services Corporation are citizens of

20  Washington state. In response, plaintiff filed an amended complaint that eliminates her

21  claims against all of the defendants except Deutsche Bank National Trust Company, a

22  California corporation.

23      However, it appears that Regional Trustee Services Corporation is an

24  indispensable party under Federal Rule of Civil Procedure 19(a)(1)(A) & 19(a)(1)(B)(i).

25  The gravamen of plaintiff's complaint is a request that the Court "uncloud the title to the

26  ORDER DISMISSING CASE - 1

1  Subject Property." Amended Complaint at ¶ 23. In her original complaint, plaintiff
2  stated that Regional Trustee Services Corporation "claims an interest in the Subject
3  Property that is adverse to Petitioner." Complaint at ¶ 11. The Court cannot "uncloud"
4  the title to the property when one party claiming an interest to it is absent. Plaintiff
5  would have to bring another claim to resolve Regional Trustee Services Corporation's
6  alleged interest in the property. If the Court were to make a declaration regarding the
7  ownership of the property as plaintiff seeks, it would impair Regional Trustee Services
8  Corporation's ability to protect its alleged interest in the property. Plaintiff cannot
9  establish jurisdiction by prejudicing the rights of other parties. See, e.g., Inecon
10 Agricorporation v. Tribal Farms, Inc., 656 F.2d 498, 500 (9th Cir. 1981). Plaintiff will
11 have an adequate remedy if this action is dismissed because she may adjudicate her claim
12 by filing it in state court.
13         Accordingly, this case is DISMISSED.

15         DATED this 3rd day of June, 2008.

18         *[signature]*
19         Robert S. Lasnik
           United States District Judge

26 ORDER DISMISSING CASE - 2